PER CURIAM.
Nassau Power Corporation appeals a final order of the Florida Public Service Commission (PSC or Commission) dismissing Nassau Power’s petition for determination of need for a power plant, under the Florida Electrical Power Plant Siting Act, (Siting Act).[1] The Commission dismissed the petition reasoning that, as a non-utility generator, Nassau Power is not a proper “applicant” for a need determination proceeding under the Siting Act.[2]
In Nassau Power Corp. v. Beard, 601 So.2d 1175, 1176-77 (Fla.1992), we recently explained:
The Siting Act was passed by the legislature in 1973 for the purpose of minimizing the adverse impact of power plants on the environment. See § 403.502, Fla.Stat. (1989). That Act establishes a site certification process that requires the PSC to determine the need for any proposed power plants, including cogenerators, based on the criteria set forth in section 403.519, Florida Statutes (1989). Section 403.519 requires the PSC to make specific findings for each electric generating facility proposed in Florida, as to (1) electric system reliability and integrity, (2) the need to provide adequate electricity at a reasonable cost; (3) whether the proposed facility is the most cost-effective alternative available for supplying electricity; and (4) conservation measures reasonably available to mitigate the need for the plant.
(Footnote omitted). At issue here is whether a non-utility cogenerator,[3] such as Nassau, is *398 a proper applicant for a determination of need under section 403.519, Florida Statutes (1991).
Nassau Power filed a petition to determine need with the Commission on July-30, 1992. Nassau proposed a power generation project designed to meet Florida Power and Light’s (FPL) system requirements as they had been quantified by FPL in a contemporaneous petition to determine need that had been filed jointly by FPL and Cypress Energy Partners (Cypress). In the joint petition, FPL identified capacity requirements of 400-500 megawatts in each of the years 1998 and 1999. Nassau offered to contract with FPL at a price substantially lower than the proposed contract between FPL and Cypress. Nassau proposed to build a natural gas-fired power plant that would be a qualifying facility under the federal Public Utility Regulatory Policies Act (PURPA).[4]
The Commission denied Nassau’s motion to consolidate the proceedings on its petitions with the proceedings on the joint petition of FPL and Cypress. FPL moved to dismiss Nassau’s separate petition on the grounds that Nassau is not a proper applicant under section 403.519. The Commission dismissed the petition, reasoning that only electric utilities, or entities with whom such utilities have executed a power purchase contract are proper applicants for a need determination proceeding under the Siting Act. Nassau appealed the dismissal.
Nassau participated as intervenor in the proceedings on the joint petition of FPL and Cypress. After a hearing on that petition, the Commission determined that FPL needs 800-900 megawatts of additional generating capacity in 1998-1999 but rejected FPL and Cypress’ joint proposal. Cypress appealed. Nassau Power and other intervenors filed notices of cross-appeal in the Cypress case. Nassau’s appeal of the dismissal of its petition for determination of need was consolidated with the Cypress appeal. Cypress then voluntarily dismissed its appeal. The cross-appeals were dismissed on the Commission’s motion. Thus, the only order before us is the order dismissing Nassau’s petition to determine need.
We have previously noted that because the PSC is the sole forum for determination of need under the Siting Act, its construction of section 403.519 is entitled to great weight and will not be overturned unless it is clearly unauthorized or erroneous. 601 So.2d at 1178 n. 9; PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla.1988). The Commission’s construction of the term “applicant” as used in section 403.519 is consistent with the plain language of the pertinent provisions of the Act and this Court’s 1992 decision in Nassau Power Corp. v. Beard.
Only an “applicant” can request a determination of need under section 403.519.[5] Section 403.503(4), Florida Statutes (1991), defines the term “applicant” as “any electric utility which applies for certification pursuant to the provisions of this act.” An “electric utility,” as used in the Act,
means cities and towns, counties, public utility districts, regulated electric companies, electric cooperatives, and joint operating agencies, or combinations thereof, engaged in, or authorized to engage in, the business of generating, transmitting, or distributing electric energy.
§ 403.503(13), Fla.Stat. (1991). The Commission determined that because non-utility generators are not included in this definition, Nassau is not a proper applicant under section 403.519. The Commission reasoned that a need determination proceeding is designed to examine the need resulting from an electric utility’s duty to serve customers. Non-utility generators, such as Nassau, have no similar need because they are not required to serve customers.
*399 The Commission’s interpretation of section 403.519 also comports with this Court’s decision in Nassau Power Corp. v. Beard. In that decision, we rejected Nassau’s argument that “the Siting Act does not require the PSC to determine need on a utility-specific basis.” 601 So.2d at 1178 n. 9. Rather, we agreed with the Commission that the need to be determined under section 403.519 is “the need of the entity ultimately consuming the power,” in this case FPL. Id. Under the Commission’s interpretation, a non-utility generator will be able to obtain a need determination for a proposed project only after a power sales agreement has been entered into with a utility. The non-utility generator will be considered a joint applicant with the utility with which it has contracted. This interpretation of the statutory scheme will satisfy the requirement that an applicant be an “electric utility,” while allowing non-utility generators with a contract with an electric utility to bring the contract before the Commission for approval.
Because we cannot say that the Commission’s construction of section 403.519 is clearly unauthorized or erroneous, we affirm the order under review.[6]
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.

. §§ 403.501-.519, Fla.Stat. (1991).

. We have jurisdiction pursuant to article V, section 3(b)(2) of the Florida Constitution.

. A cogenerator is an entity that produces electricity through cogeneration, which is an efficient and conservational method of producing electricity. Nassau Power Corp. v. Beard, 601 So.2d 1175, 1176 n. 4 (Fla.1992) (citing 16 U.S.C. § 796(18)(A) (1988)).

. A "qualifying facility” is a small power producer or cogenerator that meets the threshold efficiency standards set forth by the Federal Energy Regulatory Commission pursuant to PURPA. Nassau Power Corp., 601 So.2d at 1177 n. 7 (citing 18 C.F.R. § 292.201-.211 (1991); Fla.Admin.Code Rule 25-17.080(3)).

. Section 403.519, Florida Statutes (1991), provides in pertinent part:
On request by an applicant or on its own motion, the commission shall begin a proceeding to determine the need for an electrical power plant subject to the Florida Electrical Power Plant Siting Act.
(Emphasis added.)

. Because we affirm the Commission’s order dismissing Nassau’s petition, we need not address the other issues raised by Nassau, most of which were originally raised in Nassau's cross-appeal in the Cypress case.